# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN SOSA,<br><br>        Plaintiff,<br><br>    v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:09-cv-00096-LJO-SMS<br><br>Fresno County Superior Court<br>Case No. 08-CECG-04098 DSB<br><br>ORDER GRANTING MOTION TO DISMISS FEDERAL CLAIMS FOR FAILURE TO EXHAUST, DENYING MOTIONS TO DISMISS FOR FAILURE TO STATE A CLAIM AS MOOT, AND REMANDING STATE CLAIMS TO FRESNO COUNTY SUPERIOR COURT<br><br>(Docs. 4, 7, and 10) |

**Order on Defendants' Motion to Dismiss for Failure to Exhaust**

**I.     Procedural History**

      This is a civil action filed by Plaintiff Juan Sosa ("Plaintiff") pursuant to 42 U.S.C. § 1983 and California tort law. Defendant City of Coalinga removed this action from Fresno County Superior Court on January 14, 2009, and filed a motion to dismiss for failure to exhaust the administrative remedies and for failure to state a claim on January 20, 2009. Defendant State of California filed a motion to dismiss for failure to state a claim on January 29, 2009, and filed a notice of joinder in the City's motion to dismiss for failure to exhaust on February 11, 2009. Plaintiff did not file an opposition to the motion.

///

///

## II. Exhaustion Requirement

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211, 127 S.Ct. 910 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532, 122 S.Ct. 983 (2002).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which Defendants have the burden of raising and proving the absence of exhaustion. Jones v. Bock, 127 S.Ct. 910, 921 (2007); Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. Wyatt, 315 F.3d at 1119 (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)). In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed issues of fact. Wyatt, 315 F.3d at 1119-20. If the Court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. Id.

## III. Defendants' Motion

Plaintiff is a state prisoner, and his claims arise from events which occurred at the Claremont Custody Center and Pleasant Valley State Prison. (Doc. 1, Comp.; Doc. 4-4, Huckabay Dec., ¶1.) Plaintiff alleges that he broke his left arm and elbow, and was denied medical treatment for his injuries at both institutions. (Comp.) Defendants have submitted evidence that Plaintiff did not file an inmate appeal at either the Claremont Custody Center or Pleasant Valley State Prison relating to

his injuries.[1]  (Doc. 4-2, Voss Dec., ¶14; Doc. 4-4, Huckabay Dec., ¶7.)  This evidence is sufficient to meet Defendants' burden of demonstrating the absence of exhaustion.

Plaintiff did not oppose the motion, and Defendants are therefore entitled to dismissal of the federal claims against them.  In light of the dismissal of the federal claims for failure to exhaust, Defendants' motions to dismiss for failure to state a claim are denied without prejudice as moot, and Plaintiff's state law claims are remanded to Fresno County Superior Court.  28 U.S.C. § 1367(a); Herman Family Revocable Trust v. Teddy Bear, 254 F.3d 802, 805 (9th Cir. 2001).

**IV.  Order**

For the reasons set forth herein, it is HEREBY ORDERED that:

1. Defendants' motion to dismiss for failure to exhaust, filed January 20, 2009, is GRANTED, and Plaintiff's federal claims are dismissed, without prejudice;

2. Defendants' motions to dismiss for failure to state a claim, filed January 20, 2009, and January 29, 2009, are DENIED, without prejudice, as moot;

3. Plaintiff's state law claims are REMANDED to Fresno County Superior Court; and

4. The Clerk of the Court shall serve a copy of this order on the Fresno County Superior Court and to serve the parties in the customary manner.

IT IS SO ORDERED.

**Dated:   March 2, 2009**          /s/ Lawrence J. O'Neill
                                    UNITED STATES DISTRICT JUDGE

---

[1] The California Department of Corrections and Rehabilitation ("CDCR") has an administrative grievance system for prisoner complaints.  Cal. Code Regs., tit. 15 § 3084.1 (2009).  The process is initiated by submitting a CDC Form 602.  Id. at § 3084.2(a).  Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level."  Id. at § 3084.5.  Appeals must be submitted within fifteen working days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level.  Id. at §§ 3084.5, 3084.6(c).  The Claremont Custody Center contracts with CDCR to house state prisoners, and prisoners housed there utilize the same inmate appeals process.  (Doc. 4-2, Voss Dec., ¶¶1-2.)